UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY SCOTT WHEELER,

      Plaintiff,

  v.

JANE DOE, *et al.*,

      Defendants.

No. 25-cv-658

## **OPINION & ORDER**

*Pro se* Plaintiff Jeffrey Scott Wheeler sued two unknown agents of the Massachusetts Executive Office of Public Safety, claiming that those agents violated his First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth Amendment rights. Compl. at 1, 4, ECF No. 1. Although the precise details of the alleged conspiracy against Wheeler are unclear, Wheeler appears to allege that the agents stalked him for at least 20 years and "possibly up to 38 y[ea]rs"; "drugged him" with "intent;" put "implants" in him; and caused him to become homeless. *Id.* at 1, 4–5. Wheeler seeks a "preliminary anti-stalking injunction," as well as between $1 and $50 billion in damages, "to be determined." *Id.* at 4. Wheeler has now moved to compel discovery, ECF No. 12; for sanctions against the Massachusetts Executive Office of Public Safety, ECF No. 14; and for an extension of time to effectuate service of process, ECF No. 16. Because the court lacks subject-matter jurisdiction over his complaint, this case is dismissed. And "because Plaintiff's complaint must be dismissed, Plaintiff's pending motions . . . are denied as moot." *Kaufman v. IRS*, 787 F. Supp. 2d 27, 37 (D.D.C. 2011) (cleaned up).

Although "*pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the court has subject-matter

Page **1** of **3**

jurisdiction." *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 366 (D.D.C. 2020) (quoting *Curran v. Holder*, 626 F. Supp. 2d 30, 3 (D.D.C. 2009)).  Federal courts lack subject-matter jurisdiction over any claim that is "patently insubstantial," such that it "present[s] no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims . . . if they are . . . wholly insubstantial . . . . (cleaned up)).  Claims qualify as "patently insubstantial" if they rely on "any bizarre conspiracy theories" or "any fantastic government manipulations of [a plaintiff's] will or mind."  *Best*, 39 F.3d at 330.

The bizarre conspiracy theory alleged here—that two unknown agents have stalked Wheeler for decades, drugged him, and implanted things inside him—are so "fanciful" as to be "essentially fictious."  *Best*, 39 F.3d at 330–31; *see also Custis v. CIA*, 118 F. Supp. 3d 252, 255 (D.D.C. 2015) ("The allegations that Petitioner makes—e.g., that Respondents have 'surgically implanted' GPS technology into her skull and have placed 'electronic implants' in her eyes, and that they are continuously stalking and surveilling her—are clearly of the type that courts routinely dismiss as patently insubstantial . . . ."); *Moore v. Bush*, 535 F. Supp. 2d 46, 48 (D.D.C. 2008) ("Mr. Moore's allegations that a conspiracy among the Government Defendants led to the implantation of a micro-chip in his head and use of brain wave technology to disrupt his life are 'fundamentally incredible.'" (quoting *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006))).  The court therefore lacks subject-matter jurisdiction over Wheeler's complaint.  *See Tooley*, 586 F.3d at 1010; *see also Hagans*, 415 U.S. at 536.

Accordingly, it is hereby **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED**. All pending motions, ECF Nos. 12, 14, 16, are **DENIED AS MOOT**. The Clerk of the Court shall close this case.

**SO ORDERED.**

Date: November 24, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge
